UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES WADDELL WILLIAMS,

                Petitioner,

v.                                                           Case Number 2:10-CV-11459

SHERRY BURT,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

      Michigan prisoner James Waddell Williams was restrained by guards as he was removing the pin from a live grenade --one of two he possessed-- in the lobby of a major Detroit hospital. Not surprisingly, Petitioner faced decades of imprisonment if convicted of the terrorism and assault counts with which he was originally charged. His attorney, however, engaged in plea bargaining on Petitioner's behalf with the result that Petitioner received a minimum sentence of only five years upon his guilty plea. In the wake of that monumentally advantageous plea bargain, Petitioner brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his attorney provided constitutionally ineffective assistance. In other words, after receiving the benefit of his attorney's nearly Olympian success, Petitioner claims his attorney did a bad job. The court, to say the least, disagrees.

**I. BACKGROUND**

      Petitioner's conviction involves an incident occurring on the evening of January 5, 2008, soon after Petitioner entered the emergency room of Detroit Receiving Hospital.

When Petitioner walked through the metal detector, an alarm sounded, and Petitioner stated that he had a hand grenade. As security guards struggled to restrain him, Petitioner pulled the pin out of the grenade. Following the struggle, Petitioner was placed in custody and a second grenade was found in his possession. The grenades were taken to a remote location and detonated. Petitioner claims that the grenades were filled with sand, but according to the police, the force of the controlled explosion indicated that the grenades had been live.

Petitioner was originally charged with eleven counts: (1) terrorism; (2) and (3) assault with intent to commit murder; (4) use of an explosive against a vulnerable target; (5), (6) and (7) possession of explosives with malicious intent; (8) and (9) assault with intent to do great bodily harm; and (10) and (11) felonious assault.

The parties reached a plea agreement whereby the prosecutor would dismiss ten of the charges in exchange for Petitioner pleading no contest to Count 5 with a sentence agreement of 5-to-15 years. The prosecutor noted that if Petitioner were convicted as charged the sentencing guideline for the most serious charge would call for a minimum sentence in the range of 135-to-225 months.

During the plea colloquy Petitioner indicated that he understood the charge to which he was pleading. He stated that he also understood the terms of the plea agreement and stated that he wished to plead no contest. Petitioner acknowledged that it was his signature appearing on the written plea form. The trial court explained to Petitioner all of the trial rights he would be waiving by pleading no contest, and Petitioner indicated his understanding and desire to plead no contest. Petitioner likewise denied that any threats were made to induce his plea or that any promises

were made to him other than the terms of the agreement. Petitioner acknowledged that he was pleading no contest freely, knowingly, and understandingly. The trial court accepted his plea, and subsequently imposed the agreed-to sentence.

Petitioner later requested and was appointed appellate counsel. Appellate counsel filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> I. Whether trial counsel was ineffective for: (1) failing to discuss the guilty plea of nolo contendre; (2) failing to raise a claim relating to Petitioner's mental illness; (3) failing to explain the purpose of the preliminary examination; and (4) failing to explain the sentencing guidelines.

The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Williams*, No. 293318 (Mich. Ct. App. September 29, 2009). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim he asserted to the Michigan Court of Appeals. The Michigan Supreme Court denied the application because the Court was not persuaded that the questions presented should be reviewed. *People v. Williams*, 778 N.W.2d 237 (Mich. 2008) (table).

Petitioner then filed the instant petition, raising the same claim he presented to the state courts in his appeal of right.

## II. STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of

ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state-court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, "the state court's [application of federal law] must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409, (2000) (internal quotes omitted)).

Additionally, this court must presume that the state court's factual determinations are correct. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); see also *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous") (citation omitted).

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are

4

materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Williams*, 529 U.S. at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The Supreme Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011), the Supreme Court reiterated that the AEDPA requires federal habeas courts to review state-court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 785-86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. DISCUSSION

Petitioner asserts that his Sixth Amendment rights were violated by his trial attorney's ineffectiveness. Specifically, he claims that his counsel failed to discuss with him the consequences of the no contest plea, failed to raise a defense concerning

5

Petitioner's use of drugs and alcohol prior to the incident, had him waive his right to a preliminary examination without explaining the purpose of the proceeding, failed to discuss the sentencing guidelines so that Petitioner could understand the value of the plea bargain, and failed to object to the imposition of $6,000 in restitution.  The Michigan Court of Appeals rejected Petitioner's claim by denying his application for leave to appeal "for lack of merit in the grounds presented."  This decision denying Petitioner relief did not contravene clearly established Supreme Court precedent concerning ineffective assistance of counsel in the context of guilty pleas, so the court will deny his petition for a writ of habeas corpus.

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  *Hill v. Lockhart*, 474 U.S. 52, 56 (1989) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  The familiar, two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), dictates whether a defendant received constitutionally ineffective assistance during the plea process.  *Hill*, 474 U.S. at 57. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 687-88.  This objective standard is "highly deferential" to defense counsel, *id.* at 688, especially when a court reviews "the choices an attorney made at the plea bargain stage," *Premo v. Moore*, 131 S. Ct. 733, 741, 178 L. Ed. 2d 649 (2011).  Second, the defendant must demonstrate that he was prejudiced by his counsel's deficient performance.  *Strickland*, 466 U.S. at 692.  When a defendant claims ineffective assistance during the plea process, he establishes

6

prejudice by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.*

Because Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the Michigan Court of Appeals, § 2254(d) governs review. *See Sutton v. Bell*, 645 F.3d 752, 755 (6th Cir. 2011). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard. *Id.* at 788.

Under this standard, Petitioner's claim fails. Petitioner first asserts that his counsel did not adequately explain the consequences of his plea. Even if it is true that counsel failed to properly advise Petitioner, the trial court's proper plea colloquy cures any misunderstandings that Petitioner may have had about the consequences of his plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *see also Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004). The record demonstrates that the trial court conducted a proper colloquy. The trial court reviewed the terms of the agreement and the consequences of the plea, including the trial rights Petitioner was waiving and

sentence Petitioner would receive. Petitioner's suggestion that he was intoxicated during the proceeding is belied by his coherent responses during the colloquy.

Petitioner next asserts that his counsel was ineffective for failing to pursue a defense based on Petitioner's intoxication rather than advise Petitioner to accept the plea bargain. Under Michigan law, voluntary intoxication is a defense to a specific intent crime when the defendant's degree of intoxication is so great as to render him incapable of forming the requisite specific intent. *See People v. Savoie*, 349 N.W.2d 139 (Mich. 1984). Petitioner has not shown that defense counsel was deficient for failing to investigate and pursue a defense along these lines. He has presented nothing to show that he was, in fact, so intoxicated that he was unable to form a criminal intent. In fact, in a letter appended to the petition, Petitioner states that after displaying the grenade "one of the officers started striking me with his flashlight, so I tried to scare them off of me by pulling the pin." Dkt No. 1, at 33. In the same letter Petitioner admits "I was coming down off of the high from all the drugs and alcohol that I had done. . . ." Id. Accordingly, Petitioner has not shown that his counsel performed deficiently by advising him to accept a plea bargain to reduced charges rather than pursue a dubious defense.

Petitioner also asserts that counsel was ineffective for waiving the preliminary examination and failing to inform Petitioner of its relevance. He does not explain how a preliminary examination would have benefitted his defense. Based on the circumstances of Petitioner's crime there is little doubt that the prosecutor would have been able to demonstrate probable cause at the preliminary examination to secure a bind over for trial. Petitioner does not suggest preserving the testimony of prosecution witnesses at an examination would have provided him with a benefit. Nor does he

8

suggest what lines of defense might have been explored. That is, Petitioner has failed to demonstrate that his counsel performed deficiently in advising him to waive the exam, and he has not shown a reasonable probability that he would not have accepted the plea bargain had an examination been held.

Petitioner next asserts that his counsel failed to discuss the sentencing guidelines with him prior to the plea proceeding, and that this prevented him from understanding the value of the plea bargain. This allegation is also foreclosed by the plea colloquy. Petitioner was informed of all the charges he faced along with the maximum penalties. The prosecutor also placed on the record the applicable sentencing guideline range for each offense. Petitioner indicated his understanding of the charges and penalties. He did not request additional time to reweigh his options after being informed of the guideline range. Accordingly, he has not shown a reasonable probability that he would have chosen not accept the plea bargain had his counsel further discussed the sentencing guidelines with him prior to the plea proceeding.

Regarding counsel's failure to object to the amount of restitution imposed by the trial court, Petitioner has offered no evidence to establish that the amount of restitution imposed in this case was inaccurate. He does not dispute that one of the security guards broke his ankle during the struggle. He merely argues it was the guard's fault for injuring himself. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Malcum v. Burt*, 276 F. Supp. 2d 664, 685 (E.D. Mich. 2003). Because petitioner does not offer any cogent argument as to what counsel could have done to obtain a different result at

sentencing with respect to the amount of restitution, he is not entitled to habeas relief on this portion of his ineffective assistance of counsel claim. See *Dorchy v. Jones*, 320 F. Supp. 2d 564, 581 (E.D. Mich. 2004).

The summary decision of the state appellate court rejecting Petitioner's claim of ineffective assistance of counsel was therefore not contrary to, nor did it involve an unreasonable application of, clearly established law. Petitioner is not entitled to habeas relief.

## IV. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. The court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the court's assessment of Petitioner's claims.

## V. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED and the matter is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

  s/Robert H. Cleland  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2012, by electronic and/or ordinary mail.

  s/Lisa Wagner  
Case Manager and Deputy Clerk
(313) 234-5522

C:\Documents and Settings\wagner\Local Settings\Temp\notes6030C8\10-11459 Williams.HabeasDenial.bb.wpd